**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter: 13 |
| | ) |
| Jose Sanchez & Teresa Sanchez, | ) Case No.: 13-15470 |
| | ) |
| Debtors. | ) Judge: Jack B. Schmetterer |
| | ) |
| Jose Sanchez & Teresa Sanchez, | ) |
| | ) |
| Plaintiff, | ) Adversary No.: 13-01105 |
| | ) |
| v. | ) |
| | ) |
| PNC BANK, | ) |
| | ) |
| Defendant. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Taken as confessed against Defendant, PNC BANK, the following findings of fact and conclusions of law are made and will be entered:

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding is brought pursuant to FRBP 7001 and 11. U.S.C. §§ 502 and 506.

3. Venue is appropriate under 28 U.S.C. §1409.

4. This is a core proceeding as defined by 28 U.S.C. §157(b)(2)(K).

5. On April 13, 2013, JOSE SANCHEZ & TERESA SANCHEZ, the Debtor in the above-captioned bankruptcy case and the Plaintiff in the instant action, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

6.   PNC BANK ("PNC") is a lender and/or servicer of mortgages.

7.   The Plaintiffs are individuals residing at 1229 S. 49th Avenue, Cicero, Illinois 60804.

8.   The Plaintiff is the owner of the real estate commonly known as 1229 S. 49th Avenue,

Cicero, Illinois 60804, ("the Property") which is legally described as follows:

> LOT 19 IN BLOCK 2 IN GRANT LOCOMOTIVE ADDITION TO CHICAGO, A
> SUBDIVISION OF SECTION 21, TOWNSHIP 39 NORTH, RANGE 13, EAST OF
> THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

9.   The Fair Market Value of the above mentioned property is approximately sixty-five-

thousand-dollars ($65,000.00).

10. A senior mortgage lien is currently held on the Property by PNC Bank, N.A. in the

amount of approximately one-hundred-thirty-three-eight-hundred-two dollars and sixty-eight

cents ($133,802.68). A copy of this mortgage is attached hereto and incorporated herein as

Exhibit "A," along with the proof of claim.

11. Defendant holds a junior mortgage lien on the Property in the amount of approximately

nine-thousand-seven-hundred-seventeen dollars ($9,376.31). A copy of this mortgage is attached

hereto and incorporated herein as Exhibit "B," along with the proof of claim.

12. Plaintiff seeks to determine the nature and extent of the Defendant's junior mortgage lien.

13. Under 11 U.S.C §506(a) and §506(d), the Defendant's junior mortgage lien is an allowed

secured claim only to the extent of the value of the estate's interest in the property securing the

14. The amount owed on the senior mortgage, approximately one-hundred-thirty-three-eight-

hundred-two dollars and sixty-eight cents ($133,802.68), clearly exceeds the value of the

underlying property, which is approximately sixty-five-thousand-dollars ($65,000.00).

15. In Defendant's proof of claim, Defendant erroneously assesses the value of the property at $110,000.00.   Even if the value of the property were almost double what the Plaintiff is alleging, the senior mortgage, of approximately one-hundred-thirty-three-eight-hundred-two dollars and sixty-eight cents ($133,802.68), would still greatly exceed the value of the underlying property.

16. Because the Junior Mortgage lien held by the Defendant is wholly unsecured, it should not be allowed as a secured claim and the mortgage lien may be stripped off. *In re Mann*, 249 B.R. 831, 840 (1st Cir BAP 2000); *In re McDonald*, 205 F.2d 606 (3rd Cir. 2000); *Bartee vs. Tara Colony Homeowners Assoc.*, 212 F.3d 277 (5th Cir. 2000).

Signed:_____
Jack B. Schmetterer
United States Bankruptcy Judge

**FEB 0 6 2014**

Prepared by:
Debra J. Vorhies Levine
DVL Law Offices, LLC
53 W. Jackson Boulevard, Suite 1001
Chicago, IL 60604
(312) 880-0224
ARDC# 6239484